## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

NORFE GROUP CORP.

    Plaintiff

       v.

R.Y. ESPINOSA INC.;
FAUSTINO CORTES;
QBE INSURANCE CORP.; JOHN DOES 1, 2, 3 and 4; A, B and C CORPORATIONS; UNKNOWN INSURANCE COMPANIES A THROUGH C

    Defendants

CIVIL NO.:

PLAINTIFF DEMANDS TRIAL BY JURY

## COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiff herein, through its undersigned attorneys, respectfully state and pray as follows:

### I. NATURE OF ACTION

**1.** The present litigation is an action by property owners, pursuant to Title IX of the Organized Crime Control Act of 1970, otherwise known as Racketeer Influenced and Corrupt Organizations Act (henceforth "RICO"), for damages and declaratory relief as a result of Defendants' engaging in a pattern of racketeering activity, and scheme or artifice to defraud, in violation of federal criminal laws over a substantial period, consisting of deliberately refusing to comply with their specific obligations under certain contracts for adjusting and other services to and for insurance companies, acting with bad faith and malicious intent, in violation of the Insurance Code of Puerto Rico and to the extreme detriment of Plaintiffs.

1

2.      The coverage claims in question arose out of damage to and destruction of Plaintiffs' real and personal property caused by Hurricane Maria on or about September 20, 2017.

3.      Defendants intentionally and voluntarily conspired to avoid to comply with their obligations acting with bad faith and malicious intent, and violated Article 27.161 of the Puerto Rico Insurance Code by: (i) failing to act promptly or reasonably within ninety (90) days after the claims had been filed and refusing to confirm or deny coverage of a claim within a reasonable term after the loss statement is completed, 26 L.P.R.A. § 2716a (2) and (5); (ii) refusing to pay a claim without carrying out a reasonable investigation and not attempting in good faith to make a rapid, fair and equitable adjustment of the claim, 26 L.P.R.A. § 2716a (4) and (6); (iii) compelling Plaintiffs to institute litigation to recover amounts due under the terms of a policy, by offering the insured claimant substantially less than the amount owed and/or by wrongfully denying coverage under the terms of the policy, 26 L.P.R.A. § 2716a (7); (iv) attempting to settle the claim for less than the amount to which the claimant or insured is reasonably entitled to by reference to the written or printed material sent to him/her or that was made part of the application, 26 L.P.R.A. § 2716a (8); and requiring unreasonable conditions to the insured or claimant in order to conduct or delay the claim adjustment, 26 L.P.R.A. § 2716a (20).

4.      The Defendants, R.Y. Espinosa Inc., a Peruvian corporation through their agents, particularly Faustino Cortes, also defendant herein, and QBE Insurance Corp. individual insurance companies through their agents, taking advantage of their confabulated directorships, conspired and agreed with each

other to engage, and did in fact engage, predicate acts of mail fraud, in violation of RICO, 18 U.S.C. §§ 1341, 1962, as part of a scheme to defraud and withhold money from Puerto Rican property owners, Plaintiffs herein.

5.     Defendant QBE Insurance Corp. devised a scheme or artifice to defraud whereby they collected premiums and charged for insurance policies offering coverage for damages they knew they were not going to be able to cover, thereby intentionally and maliciously deceiving Plaintiff which constitutes illegal dealing in premiums prohibited by the dispositions of the Puerto Rico Insurance Code.

6.     The illegal retention and embezzlement by the Defendants of the portion of the compensation up to the excess of the amount covered resulted in millions of dollars of illegal gains for them.

7.     From September 20, 2017 to the present, in furtherance of the scheme to defraud Puerto Rican property owners, the Defendants caused, and continue to cause, the United States mails to be used to send communications demanding that Puerto Rican property owners comply with a multitude of unreasonable conditions that are not required either by law or the insurance policies, all of which constitute a fraudulent scheme to defraud these property owners designed to delay or deny the claim adjustment as conspired to do with defendant R.Y. Espinosa Inc.. Each of these communications is an act that is indictable as mail fraud and together they constitute a pattern of racketeering activity. By conspiring to conduct, and in fact conducting, the affairs of their ENTERPRISE, as defined hereunder, through this pattern of racketeering activity,

3

the Defendants violated RICO, 18 U.S.C. § 1962(c) & (d). As result, the Plaintiffs were injured in their property.

8.      Moreover, Plaintiff is requesting declaratory and injunctive relief. A declaratory judgment and permanent injunction will guarantee that the Defendants and all parties cease and permanently desist from engaging in illegal dealings in premiums as to the Plaintiffs regarding the costs for brokerage services and paper copies of policies, in violation of the applicable laws, statutes and regulations. Such relief will also ensure that the Puerto Rico Insurance Commissioner, the Secretary of the Puerto Rico Department of Transportation and Public Works and the Secretary of the Treasury Department do not acquiesce to the Defendants' conduct.

COMMENT ON PATTERN OF RACKETEERING

9.      This case is of utmost importance to the recovery of Puerto Rico, as the concerted actions of adjusters and insurers, including the type of practices described in this complaint, have been documented over and over again as a set pattern to defraud the policyholders from recovering their damages in order to rebuild. Experts opine that the outside private adjusters conspiring, together with the local insurance company have withheld tens of billions of dollars which was to go to rebuilt and repair destroyed properties in Puerto Rico. Only through this type of RICO action may a victim be fairly compensated for its damages and in many instances survive financially, which it could not without the compensation which Plaintiffs are entitled to.

See Caribbean Business Editorial, the Modern-Day Robbers, by Heiko Fass, 8/16/18.

4

See also, *Does Insurance Really Insure?*, The Weekly Journal, by Cynthia Lopez, June 12, 2019, and *Alertan de Tácticas Dilatorias de Aseguradoras para no Pagar*, El Nuevo Día, by Joan Isabel González, August 26, 2019.

10.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiffs demand a trial by jury in the instant case. Fed. R. Civ. P. 38(b).

## II. JURISDICTION AND VENUE

11.     This Honorable Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, this being a civil action which arises under 18 U.S.C. §§ 1961-1968, 901(a) of RICO, and in particular, under 18 U.S.C. § 1964.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as all claims arise from events that have occurred and are occurring within the jurisdiction of this Court in the Commonwealth of Puerto Rico.

13.     Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate claims arising under the laws of the Commonwealth of Puerto Rico, specifically, under Article 27.161 of the Puerto Rico Insurance Code, 26 P.R. Laws Ann. § 2716a, and Articles 1054 and 1060 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 3018, 3024, since they are so related to the afore stated federal claims that they all form part of the same case or controversy under Article III of the Constitution of the United States.

## III. PARTIES

14.     Plaintiff is Norfe Group Corp. At all relevant times hereto, Plaintiff owned real estate in the Commonwealth of Puerto Rico.

**15.** Defendant R.Y. Espinosa Inc. is a Peruvian corporation. By information and belief, their agents, defendant herein Faustino Cortes also are residents of Peru.

**16.** Defendant QBE Insurance Corp. is an insurance company which provides property insurance coverage for the incidents that are the subject of this complaint. Said defendant and its agents, co-defendant John Does are all believed to be residents of Puerto Rico. The John Doe defendants will be identified through discovery in this case.

**17.** At all times relevant herein, defendant QBE Insurance Corp. was incorporated or organized under the laws of, and with their principal places of business in, the Commonwealth of Puerto Rico, where they were authorized to conduct the business of insurance.

**18.** The Defendants, either on their own or through their agents, are currently found in, and/or transact business within, the Commonwealth of Puerto Rico, and/or at the time of the commission of the acts alleged hereunder were found in, and/or transacted business within the Commonwealth of Puerto Rico, and the cause of action which is the object of this complaint arises out of those business transactions in the Commonwealth of Puerto Rico.

**19.** At all times relevant herein, the Defendants, on their own or through their agents or employees, have knowingly, intentionally and unlawfully, aided and abetted and conspired with the other members of the ENTERPRISE defined hereunder to commit within the Commonwealth of Puerto Rico the wrongful acts alleged in this complaint and/or committed or participated in the commission of those acts within or outside the Commonwealth of Puerto Rico, purposefully directing their wrongful acts

toward the forum of Puerto Rico, after the September 20, 2017 Hurricane Maria, causing in Puerto Rico, directly or indirectly, the violations of RICO and the injuries sustained by Plaintiff.

20.     Each of the Defendants, individually, and through its association-in-fact with the other Defendants (the "ENTERPRISE"), is or has been engaged in, or its activities affect or have affected, interstate commerce.

21.     Defendants' racketeering activities were conducted through a pattern of acts and transactions, which occurred and/or had their effect within the Commonwealth of Puerto Rico.

22.     John Does 1, 2, 3 and 4 and A, B and C Corporations are persons and/or corporations, whose identities are presently unknown, which by their negligent acts or omissions caused or contributed to the damages claimed herein.

23.     Unknown Insurance Companies A through C, insurers whose identities are presently unknown, insured the aforementioned Defendants and are jointly responsible, as insurers or re-insurers along with their respective insureds and pursuant to the terms and conditions of their respective policies, for the damages claimed herein.

## IV. FACTS OF THE CASE

### i.     The Policies

24.     Plaintiff is a named insured under Policy Nos. CP-000054951-1 issued by Defendant QBE Insurance Corp. which has respective effective period from March 1st, 2017 to March 1st, 2018.

7

25.     Subject to its various terms and conditions, the Policy provides Plaintiff with insurance coverage against certain perils, including without limitation (a) loss of, damage to or destruction of real and personal property owned, used, leased or intended for use by Plaintiff; (b) loss of, damage to or destruction of any interest of Plaintiff in real or personal property of others in Plaintiff' care, custody or control; (c) Plaintiff' lost profits resulting from the necessary interruption of its business caused by any loss of, damage to or destruction of real or personal property during each Policy period and occasioned by any of the perils covered by each Policy; and (d) loss in the nature of extra business and operating expenses incurred by Plaintiff as a result of loss of, damage to or destruction of real or personal property during each Policy period and occasioned by any of the perils covered by each Policy.

26.     By their terms, each Policy applies to perils, loss and damage experienced or incurred "within the 50 states comprising the United States of America, the District of Columbia, Puerto Rico, the Virgin Islands, Canada, U.S. Territories and possessions."

27.     Among the perils covered by the Policies are winds, rain and other conditions attendant to or caused by hurricanes or other storms and meteorological events such as Hurricane Maria.

### ii.     The Insurance Claim

28.     Defendant R.Y. Espinosa Inc. was retained by QBE Insurance Corp. with the sole purpose of delaying and reneging on the claims.

29.     Defendants reneged and refused to cover the insured's risk of vandalism, which occurred **after** the September 20, 2017 Hurricane Maria incident, and which was

a separate claim from the September 20th 2017 claim. Agreed value was $3,600,000.

**30.**    On the prior original claim, Defendants paid less than the agreed value, by falsely reducing $451,852 from the claim, alleging unilaterally and incorrectly that the property had been abandoned prior to Hurricane Maria.

### iii.    Defendant's Scheme to Defraud

**31.**    The allegations of paragraphs 1 through 30 hereof are incorporated herein by reference as though fully set forth.

**32.**    Plaintiff brings this action seeking redress for the illegal acts of the Defendants, which have resulted in a loss of their property, and for declaratory and injunctive relief to end those practices and prevent further losses.

**33.**    From on or about September 20, 2017, and up to the present time, the Defendants herein, at the same or different points in time, knowingly, intentionally and unlawfully, aided and abetted, conspired and associated in fact between themselves, through their ENTERPRISE, to confederate and agree with each other, for the purpose of devising, or intending to devise a scheme or artifice to defraud and to obtain money, by means of false or fraudulent pretenses, representations or promises; and, directly participated in, or aided and abetted, counseled, commanded, induced, procured or caused and conspired in, the perpetration of such scheme to defraud and to obtain money.

**34.**    The scheme to defraud and to withhold money consisted in the following:

    a.  claim delay;

    b.  not conducting full and prompt investigation;

    c.  not treating the policyholder with good faith claims conduct

9

d.  looking for ways to deny, reduce or delay full recovery to Insured;

e.  holding back and failing to pay portions of claim clearly owed;

f.  not adjusting the claim and evaluating the loss property, promptly and fairly to provide full and prompt indemnity to the Insured;

g.  failing to implement proper standards for the adjustment and investigation of claims;

h.  not training, supervising or managing adjusters properly so that prompt and full payments are made, but rather placing the company's interests before the policyholder's interests;

i.  establishing severity control initiatives and otherwise establishing a culture of not fully and promptly paying claims following losses;

j.  failing to pay the full amount of the Insured's damage despite knowing it must do so;

k.  failing to notify the Insured of their right to mediate their claim pursuant to § 2716a. Unfair claim adjustment practices or actions.

thereby embezzling such monies for the pecuniary benefit and economic interest of the members of the ENTERPRISE (the "Scheme to Defraud").

There may be further wrongful conduct which has not been made known to Plaintiff. Certain conduct or actions cannot be verified without a review of Defendants' claims file and claim guidelines and through discovery.

**35.**    The use of the mails was an integral and essential part of the Scheme to Defraud since the billing for the insurance premiums was done through the United States Postal Service.

### iv.    The Enterprise

**36.**    The allegations of paragraphs 1 through 35 hereof are incorporated herein by reference as though fully set forth.

**37.**    At all times relevant herein, the Defendants associated in fact for the common purpose of furthering and engaging in the Scheme to Defraud.

**38.**    The ENTERPRISE is an association-in-fact, an entity separate from and bigger than any of the "persons" (the Defendants and other members of the Enterprise) comprising the same; where, at all times relevant herein, these "persons" were systematically linked with overlapping leadership, structural and financial ties, and continuing coordination.

**39.**    At all times relevant herein, the ENTERPRISE was composed by the association in fact of QBE INSURANCE CORP. and R.Y. ESPINOSA INC. and the individual Defendants named, as well as other unnamed and yet unknown individuals, partnerships, corporations or associations (the "ENTERPRISE"). It includes the forenamed Defendants and others which will be identified through discovery.

**40.**    Structurally, the ENTERPRISE is an association comprised of the Defendants and other persons and entities whose common link is the purpose and nature of their present scam, i.e., delaying legitimate claims to avoid payments.

**41.**    The association-in-fact Enterprise was a formal legitimate ongoing organization, functioning as a continuing unit, pursuing an interrelated course of conduct, and with a common or shared purpose and continuity of structure and personnel.

11

**42.**    The forenamed Defendants, as members of the ENTERPRISE, used said formal and legitimate association-in-fact ENTERPRISE as an instrument to perpetrate the Scheme to Defraud, through the pattern of racketeering activity, as fully described herein after. The aim of the Scheme to Defraud was the fraudulent sale of insurance policies to derive racketeering income.

**43.**    The ENTERPRISE is engaged in interstate commerce through the activities of its associates, as described herein before.

### v.    The Predicate Acts

**44.**    The allegations of paragraphs 1 through 43 hereof are incorporated herein by reference as though fully set forth.

**45.**    In furtherance of the Scheme to Defraud, the Defendants and the other members of the ENTERPRISE, knowingly, intentionally and unlawfully, aided and abetted, conspired and agreed, with each other, to attempt to commit, and each of them, in fact, did commit, as principals, the predicate acts of racketeering detailed hereunder, in violation of 18 U.S.C. § 2.

**46.**    In addition, in furtherance of the Scheme to Defraud, each of the Defendants, all of them members of the ENTERPRISE, conspired, confederated and agreed, with each other, to attempt to commit, and did commit, the predicate acts of racketeering detailed hereunder, and, in doing so, violated the RICO prohibitions, as defined in 18 U.S.C. § 1962.

**47.**    Whenever it is alleged in the complaint that any Defendant did any act or thing, it is meant that it, its Directors, Officers, agents, employees, or the Directors, Officers, agents or employees of its subsidiaries or affiliates, performed or participated

in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of, that Defendant.

48.    In furtherance of the Scheme to Defraud, as explained hereunder, the predicate racketeering acts consisted of dozens of violations of the Mail Fraud Statute, 18 U.S.C. § 1341 and the Wire Fraud Statute, 18 U.S.C. § 1343.

49.    In furtherance of the Scheme to Defraud, the Defendants and the other members of the ENTERPRISE, also knowingly, intentionally and unlawfully, aided and abetted and conspired in the commission of violations of Puerto Rico statutes, including, among others, the following provisions of the Insurance Code: 26 P.R. Laws Ann. § 2716a (1),(2),(3),(4),(5),(6),(7),(8),(12),(13),(14),(15),17,(19) and (20) (all under the law as unfair claim adjustment practices or actions).

§ 2716a. Unfair claim adjustment practices or actions

In the adjustment of claims no person shall incur or carry out any of the following unfair actions or practices:

- (1)  Misrepresent the facts or the terms of a policy relative to a coverage in dispute
- (2)  Fail to acknowledge receipt and act reasonably prompt within **ninety (90) days** after a claim has been filed and notified under the terms of a policy.
- (3)  Fail to adopt and implement reasonable methods for the expeditious investigation of claims which may arise from the terms of a policy.
- (4)  Refuse to pay a claim without carrying out a reasonable investigation based on the information available.
- (5)  Refuse to confirm or deny coverage of a claim within a reasonable term after the loss statement is completed.
- (6)  Not to attempt in good faith to make a rapid, fair and equitable adjustment of a claim when responsibility is clearly present.
- (7) Compel insureds or claimants to institute litigation to recover amounts due under the terms of a policy, by offering the insured claimant substantially less than the amount ultimately recovered in actions brought or by wrongfully denying coverage under the term of the policy.
- (8)  Attempt to settle a claim for less than the amount to which the claimant or insured is reasonably entitled to by reference to the written or

printed material sent to him/her or that was made part of the application.
- (12)  Refuse to settle rapidly a claim when the responsibility is clearly and reasonably established under a part of the coverage for the purpose of inducing him to a transaction under another part of the coverage of the policy.
- (13)  Refuse to offer a reasonable explanation of the terms of a policy with regard to the facts and the law applicable so as to refuse a claim or an offer of transaction.
- (14)  Delay an investigation or the payment of a claim by requiring from the insured, claimant or his physician to submit a preliminary report of the claim and then require a formal statement of loss which substantially contains the same information of the preliminary report.
- (15)  Deny the existence of the policy coverage when the insured turned down the payment offer of a claim for such coverage.
- (17)  Deny the payment for a claim on the pretext of insufficient information when the same could have been acquired through regular investigation methods.
- (19)  Compel the insured or claimant to sign a waiver which may be construed as releasing the insurer of such contractual obligations that were not the object of the transaction.
- (20)  Require unreasonable conditions to the insured or claimant in order to conduct or delay the claim adjustment.

50.    These violations were committed by the Defendants and the other members of the ENTERPRISE, through, or by means of, interrelated fraudulent artifices, all which formed part of the same common plan or Scheme to Defraud.

### vii. The Pattern of Racketeering Activity

51.    In the Scheme to Defraud, the predicate racketeering acts detailed herein below form a pattern, as defined by 18 U.S.C. 1961(5), inasmuch as they have been committed by the Defendants and the other members of the ENTERPRISE, through continuous, uninterrupted, criminal activity, which began on or around, December 15, 2017, which has continued up to the present year, 2019, and which has a high risk of continuing into the future.

52.    In addition, within the Scheme to Defraud, as it is shown herein below, the predicate acts are related given that they have the following commonalties: the same

purpose or goal: to illegally delay and withhold payments due under the policies, and to keep the monies due to Plaintiff for the economic benefit of the Defendants, as members of the ENTERPRISE, when the Insurance Code prohibits such practice as outlined in paragraph 50 of this complaint; for the same results: to deprive said property owners of their monies and the payment of such assets; the Defendants and the defined ENTERPRISE make up the same participants and; the same victims:  Plaintiff; and, the same methods of commission: the Scheme to Defraud and the common predicate acts in furtherance thereof through the use of the mails.

53.    These predicate racketeering acts are otherwise interrelated by the foregoing distinguishing characteristics; and, are not isolated events, since they were carried out for the same purposes in a continuous manner throughout a substantial period of time.

54.    In the Scheme to Defraud, the continuity and relatedness of these racketeering activities constitute a pattern of racketeering activities within the meaning of 18 U.S.C. § 1961(5).

### viii.    Law Violations in Furtherance of the Scheme to Defraud
### Count I – Violations to Section 1962(c) of RICO

**A. The Enterprise:**

55.    The allegations of paragraphs 1 through 54 hereof are incorporated herein by reference as though fully set forth.

56.    This cause of action arises under 18 U.S.C. § 1962(c) and is asserted against all the Defendants.

57.    Each of the Defendants, R.Y. Espinosa Inc., QBE Insurance Corp. and the individuals named, for purposes of this particular cause of action, is or has been a

"person" employed by or associated with an enterprise engaged in, or the activities which affect, foreign or interstate commerce, and as such, has conducted or participated, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity as described herein before.

     **58.**    For purposes of this particular cause of action under Section 1962(c), the ENTERPRISE is the association in fact defined.

     **59.**    Since on or around September 20, 2017, the Defendants and the other members of the ENTERPRISE, knowingly, intentionally and unlawfully, aided and abetted, and conspired with each other, to devise, or intend to devise the Scheme to Defraud, by which they were to illegally obtain, acquire and maintain control of the insurance claims of Plaintiff, to later illegally keep those assets for their own pecuniary benefit and interest.

     **60.**    In furtherance of their Scheme to Defraud and of their conspiracy, and in order to effects its objectives, the ENTERPRISE, knowingly, intentionally and unlawfully, aided and abetted to commit, attempted to commit, conspired to commit, did commit, and caused to be committed, the below enumerated overt and/or predicate acts of racketeering activity to delay and withhold insurance proceeds, and subsequently avoid the payments made to Plaintiff.

**B. Racketeering Predicate Acts:**

     **61.**    From September 20, 2017, to the present, for the purpose of executing the ENTERPRISE's Scheme to Defraud, the Defendants issued communications to Plaintiff which were thereafter delivered, by the United States Postal Service or by e-mail, to Plaintiff, in violation of the Mail Fraud Statute, 18 U.S.C. § 1341.

**62.** Each of these mailings is a predicate act that is indictable as mail fraud and together they constitute a pattern of racketeering activity.

**63.** Through the conduct described herein above, in furtherance of the Scheme to Defraud, the members of the ENTERPRISE knowingly, intentionally and unlawfully, aided and abetted and conspired with each other to violate, and did violate Article 27.161 of the of Puerto Rico Insurance Code, 26 P.R. Laws Ann. § 2716a (unfair claim adjustment practices or actions).

**64.** Through the conduct described herein above, the Defendants and the other members of the ENTERPRISE, which is engaged in, and which activities affect interstate commerce, knowingly, intentionally and unlawfully, aided and abetted, conspired to, and each of them in fact did, conduct or participate, directly or indirectly, in the conduct of the ENTERPRISE's affairs, through a pattern of Mail Fraud, in violation of 18 U.S.C. § 1962(c).

## C. The Injury by Reason of the Violation to Section 1962(c)

**65.** As proximate cause of the Defendants' violations to Section 1962(c), Plaintiff was injured in its property inasmuch as each has been object of fraud in their claim adjustments.

**66.** The injuries suffered by Plaintiff since September 20, 2017, and up to the present, is reasonably estimated in the amount of $3,979,000.

**67.** Pursuant to 18 U.S.C. § 1964(c), Plaintiff shall recover threefold the damages it has sustained.

**68.** Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to reasonable attorneys' fees.

**THEREFORE**, Plaintiff demand that Judgment be entered in its favor and against the Defendants: ordering the Defendants, to pay Plaintiff threefold the $3,979,000, up to the year 2019; granting it pre-judgment and post-judgment interests; awarding it a reasonable amount for attorneys' fees, plus the costs of this action; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court.

### ix.    Count II – Violations to Section 1962(d) of RICO

**A. The Enterprise:**

69.    The allegations of paragraphs 1 through 68 hereof are incorporated herein by reference as though fully set forth.

70.    This cause of action arises under 18 U.S.C. § 1962(d) and is asserted against all the Defendants.

**B. The Conspiracy:**

71.    All the Defendants and others unknown, aiding and abetting each other, acting in concert and/or combination, did knowingly, intentionally, and unlawfully agree to commit the multiple predicate acts of mail fraud (specifically described herein before) forming the alleged pattern of racketeering activity (also described herein before), as part of their unlawful Scheme to Defraud the, and to withhold money from, the Plaintiffs who purchased or acquired the insurance policies fraudulently handled by Defendants, and thereby unlawfully defrauded the Plaintiffs.

72.    All the Defendants have violated Section 1962(d), inasmuch as, in furtherance of their Scheme to Defraud and in order to reach their objectives, they knowingly, intentionally, and unlawfully, aiding and abetting each other, conspired to

conduct and participate in, and did conduct and participate in, directly or indirectly, the affairs of the ENTERPRISE, through the pattern of racketeering activity described herein before, in violation to Section 1962(c).

**C. The Injury by Reason of the Violation of Section 1962(d):**

73.     As proximate cause of the Defendants' violations to Section 1962(d), Plaintiff was injured in its property inasmuch as each has been object of fraud in the claim adjustment practices.

74.     The injuries suffered by Plaintiff since September 20, 2017, and up to 2019, is reasonably estimated in the amount of $3,979,000.

75.     Pursuant to 18 U.S.C. § 1964(c), Plaintiff shall recover threefold the damages it has sustained.

76.     Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to reasonable attorneys' fees.

**THEREFORE**, Plaintiff demands that Judgment be entered in its favor and against the Defendants: ordering the Defendants, to pay Plaintiff threefold the $3,979,000; granting it pre-judgment and post-judgment interests; awarding it a reasonable amount for attorneys' fees, plus the costs of this action; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court.

### x. Count IV – The Insurance Code Violations

77.     The allegations of paragraphs 1 through 76 hereof are incorporated herein by reference as though fully set forth.

**78.**   This cause of action arises under the Puerto Rico Insurance Code and is asserted against all the Defendants.

**79.**   Article 27.161 of the Insurance Code prohibits the insurers from among other: (i) failing to act promptly or reasonably within ninety (90) days after the claim had been filed and refusing to confirm or deny coverage of a claim within a reasonable term after the loss statement is completed, 26 L.P.R.A. § 2716a (2) and (5); (ii) refusing to pay a claim without carrying out a reasonable investigation and not attempting in good faith to make a rapid, fair and equitable adjustment of the claim, 26 L.P.R.A. § 2716a (4) and (6); (iii) compelling Plaintiffs to institute litigation to recover amounts due under the terms of a policy, by offering the insured claimant substantially less than the amount owed and/or by wrongfully denying coverage under the terms of the policy, 26 L.P.R.A. § 2716a (7); (iv) attempting to settle the claim for less than the amount to which the claimant or insured is reasonably entitled to by reference to the written or printed material sent to him/her or that was made part of the application, 26 L.P.R.A. § 2716a (8); and requiring unreasonable conditions to the insured or claimant in order to conduct or delay the claim adjustment, 26 L.P.R.A. § 2716a (20).

**80.**   The Defendants conspired to, and did, engage in conduct designed to deceive Plaintiff and unfairly handle its claim adjustments under false pretenses and through improper, inequitable and illegal means.

**81.**   As a result of the mentioned conspiracy and illegal conduct, the Defendants wrongfully obtained money belonging to Plaintiff and were thereby unjustly enriched at the latter's expense.

**THEREFORE**, Plaintiff demands that Judgment be entered in its favor and against the Defendants: ordering the Defendants, to do as follows:

    A. Immediately tender all insurance monies due to the Insured for the loss as submitted;

    B. Act fairly and honestly towards the Insured and with due regard for his interests in attempting to settle the claim;

    C. Pay statutory interest on the amount of unpaid contractual damages from the date the claim was reported;

    D. Cease and desist all present and future bad faith actions with regard to the Insured's claim.

## Count I
### (Declaratory Relief)

**82.**    The allegations of paragraphs 1 through 81 hereof are incorporated herein by reference as though fully set forth.

**83.**    Plaintiff believes and has asserted, that it is entitled to coverage under the Policies for the full amount of Plaintiff's claimed physical property damage.

**84.**    Plaintiff is entitled to a judgment in accordance with 28 U.S.C. § 2201 declaring that Plaintiff's physical property damage is covered under the Policies, and that Plaintiff is entitled to payment of the full amount of its losses to be determined at trial.

## Count II
### (Damages for Breach of Contract)

**85.**    The allegations of paragraphs 1 through 84 hereof are incorporated herein by reference as though fully set forth.

86.     Defendants have breached their contractual obligations to Plaintiff under the Policy by failing and refusing to pay Plaintiff the full amount of losses incurred by Plaintiff in respect of Plaintiff's physical property damage.

87.     As a direct, proximate and foreseeable consequence of Defendants' breach of contract, Plaintiff has suffered substantial direct and consequential damage, including loss of the amount of its damages that should have been paid under the Policy's limit of liability; legal, accounting and adjustment fees; and other amounts; the precise amount of such damages to be determined at trial.

88.     WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendants as follows: (a) declaring that Plaintiff is entitled to coverage under the Policy for its physical property damage, and to payment by Defendants of the full amount of such losses in an amount to be determined at trial; (b) awarding Plaintiff compensatory and consequential damages in an amount to be determined at trial; (c) awarding Plaintiff pre-and post-judgment interest and the costs and expenses incurred in bringing this action, including a reasonable attorney's fee; and (d) awarding Plaintiff such other and further relief as the Court may deem just and proper.

## V.     DEMAND FOR TRIAL BY JURY

89.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests and respectfully demands a trial by jury of all issues in this case triable of right by a jury.

90.     In the event that the Defendants deny their liability for the events or omissions giving rise to the claims set forth in this action as well as Plaintiff resulting damages, Plaintiff hereby requests the imposition of pre-judgment and post-judgment interest and attorney's fees in this case at the maximum rate allowed by law.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, in the fair and reasonable sum of $3,979,000 plus treble damages, together with interest, costs, and reasonable attorney fees, and for such other and further relief as may be appropriate under the circumstances.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 18th day of September, 2019.

<u>s/David Efron</u>
**DAVID EFRON**
USDC-PR125701
**LAW OFFICES DAVID EFRON, PC**
*Attorneys for Plaintiff*
PO Box 29314
San Juan, PR 00929-0314
Tel. 787-753-6455
Fax 787-758-5515
<u>efron@davidefronlaw.com</u>